**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-31154
Summary Calendar

LAWRENCE HUTCHIN,

Plaintiff-Appellant,

VERSUS

AMERICAN TOBACCO CO.; BROWN & WILLIAMSON TOBACCO CORP.,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
(92-CV-1934)

April 18, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Lawrence Hutchin ("Hutchin") comes to this court asking that we ignore a holding by a previous panel and reverse the district court's order granting summary judgment to the defendant-appellees so that his claim against the appellees for failure to

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

warn his now deceased mother of the dangers of their loose tobacco products may proceed.  Hutchin brings a failure to warn claim under the Louisiana Products Liability Act ("LPLA") and asserts that the appellees had a duty to warn his mother of the dangers of loose tobacco.  We cannot overrule a panel decision by this court except as an *en banc* court, *see*, *e.g.*, *Oncale v. Sundowner Offshore Servs., Inc.*, 83 F.3d 118, 119 (5th Cir.), *petition for cert. filed*, 65 U.S.L.W. 3432 (U.S. Dec. 16, 1996) (No. 96-568), and following *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168 (5th Cir.), *cert. denied*, 117 S. Ct. 599, 136 L. Ed. 2d 526 (1996), we affirm.

Manufacturers may be liable for failure to warn of dangers in their products under the LPLA, but they have no duty to warn under the LPLA when "[t]he product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics." La. Rev. Stat. 9:2800.57(B)(1).

This court has previously held that the health risks of smoking have long been common knowledge and has affirmed summary judgment for claims alleging a manufacturer's duty to warn of the dangers of smoking.  *See Allgood*, 80 F.3d at 172 ("Like the dangers of alcohol consumption, the dangers of cigarette smoking have long been known to the community"); *see also Roysdon v. R.J. Reynolds Tobacco Co.*, 849 F.2d 230. 236 (6th Cir. 1988).  Given such, the appellees had no duty to warn of the dangers, and we AFFIRM the

district court's order.